WILLIAM T. POST, Respondent, *v.* JOHN P. HATHORN, impleaded, etc., Appellant.

An order at circuit, directing a case and exceptions to be heard in the first instance at General Term, may be vacated at Special Term, and permission given to move for a new trial upon the case and exceptions at Special Term.

The provision of section 265 of the Code, that the judge trying the cause may direct exceptions to be heard in the first instance at General Term, and judgment in the meantime suspended, and in that case that they must be heard there in the first instance, and judgment given, does not remove the matter beyond the authority of the court; the effect of the provision is simply that while the order remains in force the exceptions can only be heard and judgment given at General Term. *Beattie* v. *The Niagara Savings Bank* (41 How., 137) overruled.

It is only exceptions which can be sent, in the first instance, to the General Term. The right of the defeated party to be heard on motion for a new trial, on a case at Special Term, given by said section, cannot be taken from him by an order of the judge at the trial.

Upon appeal from an order of General Term granting a new trial, in an action tried by a jury, six years having elapsed since the granting the order, *held*, that it was too late for the appellant to ask to have the appeal dismissed, and that he be thus relieved from his stipulation. The order, therefore, affirmed, and judgment absolute directed against him.

(Argued March 12, 1873; decided June term, 1873.)

VARIOUS appeals are presented in this case from orders of the General Term of the Supreme Court, in the sixth judicial district, the nature of which, and the facts in reference thereto, appear sufficiently in the opinion.

*Samuel Hand* for the appellant.    The order made at Special Term reversing and overruling the order of the judge who tried the cause, was irregular and void. (*Beattie* v. *Niagara Savings Bank*, 41 How., 137; *Devoe* v. *Hackley*, 3 Robt., 679; *Hotchkins* v. *Hodge*, 38 Barb., 118; *Clark* v. *Ward*, 4 Duer, 206; *Dana* v. *Howe*, 3 Kern., 306; Code, § 265.)    The Special Term will be presumed to have become convinced of its error in granting the first order, and denied the motion upon the ground of want of jurisdiction. (*Tracey* v. *Altmeyer*, 46 N. Y., 598; *Pistor* v. *Hatfield*, id., 250.) The order of the Special Term denying the motion for a new trial, was the only proper order it could make and ought to have been affirmed. (*Pistor* v. *Hatfield*, 46 N. Y., 250; *McMahon* v. *Rauhr*, 47 id., 67.)    Defendant having failed to except to the order made at the trial of the cause at the proper time, will be deemed to have waived any objection thereto. (*McBride* v. *Farmer's Bank*, 26 N. Y., 459; *Graser* v. *Stelwagen*, 25 id., 315; *Brown* v. *Catt. Ins. Co.*, 18 id., 391; *Winchell* v. *Hicks*, id., 558; *Mead* v. *N. W. Ins. Co.*, 3 Seld., 530.)    The order of General Term awarding plaintiff a new trial, cannot be sustained. (*Hotchkins* v. *Hodge*, 38 Barb., 118.)

*D. P. Hill* for the respondent.    Upon the appeal from an order granting a new trial, the order of the General Term affirming the order of modification, cannot be reviewed as an intermediate order. (Code, § 11; subd., 1.)    No appeal lies to this court from such orders. (38 N. Y., 206; 35 id., 331; 1 id., 535; 31 How., 146; 2 Keyes, 387.)    Defendant having failed to insist at General Term that the appeal was not regular, must be deemed to have acquiesced in the order of modification of the Special Term. (*Ely* v. *McKnight*, 30 How. Pr., 97; 34 N. Y., 383; 16 id., 263; 7 How. Pr., 9; 20 id., 258.)    Exceptions only can be heard in the first instance at General Term. (31 Barb., 171; 11 How. Pr., 285; Code, § 265.)

Johnson, C.    This case presents a complication of appeals, which may be best considered by a separate presentation of

them. After a trial on the 6th of September, 1866, at the Chemung Circuit, before Mr. Justice Parker and a jury, a verdict was found for the defendant. On the 18th of June, 1867, at Special Term in Schuyler county, before Mr. Justice Mason, the plaintiff, upon a case and exceptions, moved for a new trial, and his motion was denied. From this decision the plaintiff appealed to the General Term on the 24th of June, 1867. On the third Tuesday of November, 1867, this appeal was decided at General Term by an order reversing the decision of the Special Term and granting a new trial. From that decision the defendant appealed to the Court of Appeals on the 20th of December, 1867, stipulating for judgment absolute against himself if the decision should be affirmed. The decision of the General Term having been made on a case and exceptions upon appeal from the Special Term, where, in the first instance, the new trial was moved for, may have been founded upon a question of fact. As there are no legal means of ascertaining that it was not so founded, it is impossible for the court to say that any error in law was committed at the General Term, and is of course impossible that the order of the General Term should be reversed.

It is now necessary to notice another series of proceedings and appeals, which the defendant insists establish that the Supreme Court, in its several branches, was destitute of authority to grant the new trial to the plaintiff which was awarded to him at General Term. After the verdict at circuit, it was ordered by the court that the plaintiff might have sixty days in which to make a case, or case and exceptions (and the defendant the same time to prepare amendments), to be heard in the first instance at General Term, and that judgment be suspended until the decision of the General Term. At the Schuyler Special Term, before Judge Mason, the plaintiff moved for and obtained an order, upon notice, modifying the order last mentioned, by striking out the direction in respect to the hearing and decision of the case and exceptions at General

Term, and declaring the plaintiff at liberty to move for a
new trial at Special Term without further notice, and direct-
ing that the motion should be then heard. It was in fact
thereupon heard, as stated in the earlier part of this opinion.
From this last order the defendant appealed to the General
Term on the 19th of July, 1867. On the fourth Tuesday of
July, 1867, the twenty-second, at the Otsego Special Term,
before Judge MASON, an order was made denying a motion
then made by the defendant to set aside Judge MASON's pre-
vious order modifying the order of Judge PARKER at the
circuit, by striking out the direction that the case and excep-
tions be heard at General Term, and the permission to move
for a new trial at Special Term upon the case and exceptions,
and also to set aside the order of the same date denying the
plaintiff's motion for a new trial. From this order also the
defendant appealed to the General Term on the 24th of
December, 1867. This appeal of the defendant, and also
that of the nineteenth of July, were disposed of at General
Term on the 28th of January, 1868, and resulted in the
affirmance of each of the orders appealed from. From these
General Term orders the defendant also appealed to the
Court of Appeals, stipulating that if they should be affirmed,
and the order of the General Term granting the plaintiff a
new trial should be affirmed also, an absolute judgment might
be rendered against him.

None of the papers on which any of this second series of
proceedings and appeals were founded are presented to us on
the present hearing. The only question in respect to them
is a question of power. All of them belong, unquestionably,
to the domain of practice, and discretion in the Supreme
Court, unless it be the order modifying that made at circuit
as to the hearing in the first instance at General Term. As
to this, it is insisted that, action having been taken by the
judge at circuit under the provision of the statute, there
existed no power in the court at Special Term to alter his
direction. Two of the cases referred to seem to favor this
view. In *Beattie* v. *The Niagara Savings Bank* (41 How.

Pr. R., 137), after argument at General Term on exceptions ordered to be heard at General Term in the first instance, the case remaining under advisement, a motion was made at Special Term for leave to move for a new trial at Special Term upon a case. This leave was granted by Judge TAL-COTT at Special Term, but on appeal the order was reversed, the learned judge who gave the opinion feeling himself constrained by the language of the latter part of section 265 of the Code thus to determine. The provision is, that when exceptions are taken, the judge trying the cause may at the trial direct them to be heard in the first instance at General Term, and judgment in the meantime suspended; and in that case they must be there heard in the first instance and judgment there given. The direction that judgment must be given at the General Term was deemed so imperative in its character as to indicate an unalterable exercise of power over the cause, which might otherwise have remained under the control of the court. It seems to me that this is a strictness of dealing with a point of practice which the language of the statute does not demand, and which neither the convenience of suitors nor the interests of justice require. While the order remains in force, sending exceptions to the General Term in the first instance, they must be heard there and judgment be there given. The whole provision is in ease of the party excepting, enabling him to go at once with his questions of law to the superior tribunal, without the additional burden of an argument and decision at Special Term. There seems to be no reason why such a matter should be removed beyond the authority of the court if a slip has occurred in granting the direction at the trial. The case of *Devoe* v. *Hackley* (3 Robertson, 679) holds, that if exceptions are not ordered at the trial to be heard at General Term, that direction cannot be afterward given. This seems to be founded upon the terms of the statute, which permits the judge at the trial to make that order. However this may be, it will be observed that it is only exceptions that can be sent in the first instance to the General Term. When they are taken the judge may

order them to the General Term. He cannot send a case there, for the previous part of the same section provides, that a motion for a new trial on a case must, in the first instance, be heard at Special Term; and the right of the party to be heard against the verdict on a case at Special Term he cannot be deprived of by the order of a judge at the trial. Either with or without the motion to correct the order of Judge PARKER at the trial, the plaintiff had the right to make his motion for a new trial on his case, and having prevailed in it, we have already seen that we have no means of determining that any error in law was committed in the determination, nor do we find any want of power in the court to dispose of the cause in the manner adopted, and we are, therefore, of opinion that the decisions of the General Term cannot be reversed.

Under the circumstances of a delay of eight years since the suit was brought, and nearly six years since the new trial was ordered, I think it now too late for the defendant to ask us to dismiss his appeal, and thus relieve him from the effect of his stipulation. He might have submitted to the new trial at once, and then the rights of the parties might long since have been put at rest. To sustain a request to be relieved at this late day, there should appear clearer merits, and greater willingness to rely on them, than this case discloses.

Orders affirmed, and an assessment of damages directed, in the Supreme Court.

All concur; GRAY, C., not sitting.

Ordered accordingly.